IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMBIS CHU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2582 |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff's Motion for Relief from Summary Judgment (Document No. 24), under Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

Generally, there are four grounds upon which a Rule 59(e) motion to alter or amend judgment may be granted: (1) the judgment was based on a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. See Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567-68 (5th Cir. 2003). A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." Id. at 567 (citation omitted).

Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy; "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." In re Pettle, 410 F.3d 189, 191 (5th Cir. 2005) (citing Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998)). With regard to "excusable neglect," the Fifth Circuit explained:

> [A] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.

Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 695 (5th Cir. 1983), cert. denied, 104 S. Ct. 98 (1983) (citation omitted).

Plaintiff asserts that Defendant did not give proper notice of its motion for summary judgment to Plaintiff, which was filed October 31, 2011, and contends that "failure to oppose the motion

2

was due to surprise and excusable neglect."[1]  Plaintiff admits, however, that he received notice of the summary judgment motion on an unspecified day in December 2011.  Assuming Defendant received notice on the *last* day of December, 2011, he still failed to file a response in opposition or move for an enlargement of time to do so within 21 days after receiving the motion.  See L.R. 7.3.  Moreover, it is evident that if Plaintiff did not receive notice of the motion when it was filed in October, such was due to Plaintiff's counsel's failure to abide the Local Rules mandating electronic filing in the Southern District of Texas.[2]  Plaintiff's attorneys were provided the "Clerk's Notice of Mandatory Electronic Filing" (Document No. 4), dated July 22, 2010, that "attorneys are required to file all complaints, initial papers, motions, memoranda of law, briefs, and other pleadings and documents in connection with a civil case electronically, unless permitted otherwise by the presiding Judge."[3]  Defendant properly filed its Motion for Summary

---

[1] Document No. 24 ¶ 5.

[2] "Attorneys admitted to the bar of this Court, as well as those admitted *pro hac vice*, are required to register as Filing Users of the Court's Electronic Filing System. . . . Registration as a Filing User constitutes consent to electronic service of all documents as provided in these procedures and in accordance with Rule Fed. R. Civ. P. 5(b)(2)(D)."  Administrative Procedures for Electronic Filing in Civil and Criminal Cases, S.D. Tex. L.A.R. 2(A) (Jan. 1, 2007).

[3] Document No. 4.  This Notice was sent because Plaintiff had previously filed a paper document in violation of the requirement for electronic filing.  Plaintiff's attorney who did so, Andre L. Ligon, also ignored this Court's Order Denying Motion for Admission

Judgment electronically, and if Plaintiff's counsel had complied with this requirement, they (except for Mr. Ligon, who was disbarred in this Court) would have received the motion for summary judgment the day it was filed.

After careful review of Plaintiff's motion, the Court finds that Plaintiff presents no new arguments or reasons that could not have been advanced and submitted in a timely briefing. Counsel disregarded the Court's rules, the Notice of Mandatory Electronic Filing sent by the Clerk, and the Order of this Court denying Mr. Ligon's motion to be admitted *pro hac vice*. The failures of Plaintiff's counsel appear at times intentional, and at a minimum are inexcusable, careless, and negligent. There is no just reason to set aside the prior ruling. Accordingly, it is

---

*Pro Hac Vice* (Document No. 9), dated September 20, 2010. The Court observed in that Order that Chief United States Judge Karen K. Brown on May 18, 2005, permanently barred Mr. Ligon from practicing before the Court without leave of Court. Mr. Ligon thereafter was denied a login and password for electronic filing in this Court because he was permanently barred from practice in the United States Bankruptcy Court for this district and, under our reciprocal policy, he is therefore barred from the United States District Court in this district. The Clerk of Court advised Mr. Ligon that for reinstatement he would be required to file a petition for reinstatement in accordance with Rule 6 of the Rules of Discipline of this Court. He has not done so. Other counsel then appeared for Plaintiff, which makes it all the more astonishing that Mr. Ligon would purport to sign Plaintiff's late response to the Motion for Summary Judgment. *See* Document No. 23, at 13.

ORDERED that Plaintiff's Motion for Relief from Summary Judgment (Document No. 24) is in all things DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 27th day of February, 2012.

				EWING WERLEIN, JR.
				UNITED STATES DISTRICT JUDGE